UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**"IN ADMIRALTY"**

VESSEL MANAGEMENT SERVICES, Inc.,

Plaintiff,

CASE NO. 8:22-cv-210-JSM-JSS

v.

the F/V MASTER BREN,
IMO No. 7437446, Official No. 548481,
her engines, tackle, equipment, furniture,
appurtenances, etc., *in rem*,
LORI LYNN, INC.,
a Mississippi corporation

Defendant.
_________________________________/

**VERIFIED COMPLAINT**

Plaintiff Vessel Management Services, Inc. ("VMS") files this Verified Complaint against defendants the F/V MASTER BREN, IMO No. 7437446, Official No. 548481, her engine, tackle, equipment, furniture, appurtenances, etc. ("the MASTER BREN"), *in rem*, for damages, enforcement of a maritime lien, maritime arrest, and against Lori Lynn, Inc., *in personam*, for damages, and alleges as follows:

**Jurisdiction**

1. This is an admiralty and maritime claim within this District Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and Federal Rule of Civil Procedure 9(h).



## The Parties

2. VMS is the owner of the ATB COURAGE/650-5 (the "COURAGE").

3. The MASTER BREN is a commercial fishing vessel bearing Official Number 548481. She was built in 1973 and is currently owned, according to information and belief, by Lori Lynn, Inc.

4. The MASTER BREN is located within this District, specifically at the Tampa Shrimp Docks, 2625 Causeway Blvd., Tampa Florida 33619.

5. Venue is proper in this District in accordance with Rule C of the Supplemental Rules because the MASTER BREN is within the physical jurisdiction of this District Court.

## General Allegations

6. On the evening of January 18, 2022, while the COURAGE was sailing inbound toward the Sunshine Skyway Bridge in the Mullet Key Channel, she was struck port-side by the MASTER BREN.

7. Before the collision, the COURAGE observed the MASTER BREN obstructing navigation in the middle of Cut A when the COURAGE was preparing to line up with Cut A in the Mullet Key Channel.

8. The COURAGE attempted to contact the MASTER BREN via radio channel 13. The MASTER BREN was unresponsive to radio communication. The COURAGE then shined its spotlight on the MASTER BREN and sounded its whistle.

9. In response, the MASTER BREN began sailing out of the channel. After sailing out of the channel, the MASTER BREN then unexpectedly turned 180 degrees and collided with the port-side hull of the COURAGE at an angle of approximately 90 degrees.

## COUNT I – Maritime Lien Against The Master Bren, *In Rem*

10. VMS incorporates and re-alleges paragraphs 1-9 herein.

11. The MASTER BREN had a duty to use reasonable care under the circumstances, including exercising prudent seamanship in operation and navigation, following the Navigation Rules, and adhering to generally accepted standards and industry practices.

12. The MASTER BREN breached its duty by negligently colliding into the port-side hull of the COURAGE.

13. As a direct and proximate cause of the collision and negligence of the MASTER BREN and her master and crew, VMS sustained damages, including repairs costs, loss of use, and loss of hire, in excess of $500,000, plus prejudgment interest and costs.

14. Based on the foregoing, VMS has a maritime lien against the MASTER BREN in the amount of at least $500,000, plus interest, costs, and expenses.

15. Pursuant to Rule C of the Supplemental Rules, VMS is entitled to arrest the MASTER BREN to satisfy its lien, including but not limited to pre-judgment interest, costs, and expenses.

16. Based on the foregoing, VMS seeks its damages described above, plus pre-judgment interest, costs, and expenses, to be satisfied by the sale of MASTER BREN per Rule C.

**WHEREFORE**, VMS prays:

(a) The Verified Complaint be deemed good and sufficient;

(b) Process in due form of law according to the practice of this District Court issue against the MASTER BREN, her engine, tackle, equipment, furniture, appurtenances, etc., *in rem*, by way of arrest pursuant to Supplemental Rule C(3) and that all persons claiming interest in said vessel be required to appear and to answer under oath all and singular the matters stated above;

(c) After the due proceedings are had, the MASTER BREN be condemned

and sold to satisfy the damages of VMS, including all collision-related damage, repair costs, loss of use, and loss of hire, plus prejudgment interest, costs, and expenses;

(d) This District Court grant VMS such other, further, and different relief as this District Court deems just and proper; and

(e) It be declared that any and all persons, firms, or corporations claiming any interest in the MASTER BREN are forever barred and foreclosed from all rights or equity or redemption of claim in said vessel and every part thereof.

**COUNT II – Negligence Claim Against Lori Lynn, Inc.**

17. VMS incorporates and re-alleges paragraphs 1-9 herein.

18. The MASTER BREN, and her master and crew, had a duty to use reasonable care under the circumstances, including exercising prudent seamanship in operation and navigation, following the Navigation Rules, and adhering to generally accepted standards and industry practices.

19. The MASTER BREN breached its duty by negligently colliding into the port-side hull of the COURAGE.

20. On information and belief, the MASTER BREN is owned, operated, and controlled by Lori Lynn, Inc. Lori Lynn, Inc. is vicariously liable for the MASTER BREN's negligence and breach of its duties set forth above.

21. On information and belief, Lori Lynn, Inc. had privity and knowledge of the MASTER BREN's negligence and conduct and is jointly and severally liable to the full extent of VMS's damages.

22. As a direct and proximate cause of the collision and negligence of the MASTER BREN and her master and crew, VMS sustained damages in excess of $500,000, plus prejudgment interest and costs.

**WHEREFORE**, VMS demands judgment against Lori Lynn, Inc. for all its damages, including repair costs, loss of use, consequential damages, prejudgment interest, taxable costs, and such other relief as the District Court deems just and proper.

**/s/ Elbert L. Martin, IV**
ELBERT L. MARTIN, IV
Florida Bar No. 98010
DAVID W. McCREADIE
Florida Bar No. 308269
LAU, LANE, PIEPER, CONLEY
& McCREADIE, P.A.
100 South Ashley Drive, Suite 1650
Tampa, Florida 33602
Telephone No.: (813) 229-2121
Facsimile No.: (813) 228-7710
emartin@laulane.com
Attorneys for Plaintiff