UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VESSEL MANAGEMENT SERVICES, INC.,

    Plaintiff,

v.

Case No: 8:22-cv-210-VMC-JSS

LORI LYNN, INC. and THE F/V MASTER BREN, IMO NO. 7437446, OFFICIAL NO. 548481,

    Defendants.
_____/

### ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Appoint Substitute Custodian ("Motion") and the Consent and Indemnification Agreement between Plaintiff and International Ship Repair & Marine Services, Inc. ("ISR"). (Dkts. 21, 21–2.) Upon consideration, it is **ORDERED**:

1. ISR is duly qualified to serve as the Substitute Custodian of the F/V KRISTA LYNN (Official Number 618045), her engines, tackle, apparel, and appurtenances, etc. ("Vessel"); (b) ISR has agreed to assume the responsibility of safekeeping the Vessel; and (c) ISR has agreed to act as Substitute Custodian until further order of the Court.

2. The United States Marshal for the Middle District of Florida is hereby authorized and directed, upon seizure and arrest of the Vessel pursuant to

the Warrant of Arrest, to surrender the possession thereof to the Substitute Custodian, ISR.

3. Upon such surrender to ISR, the Marshal shall be discharged from the duties and responsibilities for the safekeeping of said Vessel and held harmless by any party for any and all claims arising whatsoever out of said substitute possession and safekeeping.

4. ISR is appointed the Substitute Custodian of the Vessel. ISR shall retain the Vessel in custody for possession and safekeeping until further order of this Court. All Marshal's costs, if any, shall be paid prior to the release of the Vessel. ISR assumes responsibility for the safekeeping of the Vessel and will provide or arrange for all necessary services consequent thereto and shall bill those services at fair market value.

5. ISR, based on its Consent and Indemnification Agreement (Dkt. 21–2), will release the United States of America and United States Marshal from any and all liability and responsibility arising out of the care, custody, or control of the Vessel from the time the Marshal transfers possession of the Vessel to ISR. ISR will further hold harmless and indemnify the United States Marshal for any and all claims whatsoever arising out of ISR's possession and safekeeping of the Vessel as Substitute Custodian.

6. The costs of towing and hauling the vessel shall be considered expenses of custody.

**DONE** and **ORDERED** in Tampa, Florida, on February 3, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record